IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADONIOUS J. WOOLARD** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LOUIS S. FOLINO, et al.** | : | **NO. 13-6086** |

## ORDER

**AND NOW**, this 16th day of March, 2015, upon careful and independent consideration of the petition for a writ of habeas corpus (Doc. No. 1), review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (Doc. No. 18), Petitioner's <u>pro se</u> "Objection to Report and Recommendation of United States Magistrate Judge" (Doc. No. 26) and the response thereto, various correspondence from petitioner, and Petitioner's "Emergency Motion" (Doc. No. 19), it is hereby **ORDERED** that:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**.[1]

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The petition for a writ of habeas corpus is **DISMISSED** without prejudice.

4. There is no probable cause to issue a certificate of appealability.

---

[1] Petitioner first argues that Magistrate Judge Perkin did not receive the original state court record, and thus, could not properly evaluate his claim. However, Judge Perkin received copies of the state court record, and there is no indication that he was unable to conduct a proper review as a result. Petitioner argues second that he is still waiting for a meaningful resolution in state court and that the delays in state court are attributable to his appointed counsel and should not be attributed to Petitioner. As Judge Perkin noted in the Report and Recommendation, Petitioner's case is no longer delayed in the PCRA court and is proceeding. See <u>Cristin v. Brennan</u>, 281 F.3d 404, 411 (3d Cir. 2002) (even where there has been excessive delay, district courts instructed to "stay their consideration of habeas petitions when previously stalled state proceedings resume"). Petitioner must first exhaust his claims in state court and then is free to renew his habeas petition in federal court.

5.  Petitioner's Emergency Motion is **DENIED**.[2]

6.  The Clerk of Court shall mark this case **CLOSED** for statistical purposes.

          **BY THE COURT:**

          /s/ Mitchell S. Goldberg
          _____
          **MITCHELL S. GOLDBERG, J.**

---

[2] Petitioner asks for an order of Judicial Notice in his Emergency Motion, claiming that the Superior Court of Pennsylvania has referred to him as a pro se litigant in correspondence while also requiring his appointed attorney to appear on his behalf. The Superior Court orders are clear in their requirements, do not require Petitioner to engage in "hybrid representation," and Petitioner's arguments do not raise any new issues that would allow us to grant his petition for a writ of habeas corpus. Accordingly, this motion will be denied.